**CRAIG et al. v. THOMPSON, Collector of Internal Revenue.**

**Civil Action No. 1709.**

United States District Court, E. D. Arkansas, W. D.

Dec. 16, 1948.

Catlett & Henderson, Little Rock, Ark., Snowden, Davis, Brown, McCloy & Donelson, Memphis, Tenn., for plaintiffs.

James T. Gooch, United States Attorney, and G. D. Walker, Assistant United States Attorney, Little Rock, Ark., for defendant.

TRIMBLE, Chief Judge.

On this the 16th day of December, 1948, this cause having previously been heard on evidence offered by the parties, and argued orally by counsel, after which leave was given to submit briefs; the court being well and sufficiently advised, announced the following:

### Findings of Fact

1. The plaintiffs, W. A. Craig and Ruth S. Craig, are residents of the State of Florida.

2. The defendant, Horace E. Thompson, was formerly collector of Internal Revenue for the District of Arkansas, and while occupying that office he collected from the plaintiffs the sum of $9,875.74, as additional assessment for 1943 income taxes, and interest thereon, which sums were paid by the plaintiffs to the defendant on May 7, 1947.

3. On August 1, 1941, the McGeorge Contracting Company entered into a contract with the Republic Mining and Manufacturing Company, by which the McGeorge Company agreed to furnish equipment and labor and do the work of removing the over-

burden on certain bauxite. beds on lands owned or leased by the Republic Company in Saline County, Arkansas, for which the Republic Company was to pay the McGeorge Contracting Company at the rate of sixteen cents per cubic yard for each cubic yard of such overburden removed, which price was to include hauling and dumping in the proper dump for such waste, where the average haul for such waste on the entire work under this contract did not exceed 1500 feet, measured from the center of the mass of the stripping pit to the center of the waste dump. In the event that on the completion of the contract the average · haul exceeded 1500 feet, the Republic Company was to pay the additional cost on the basis of extra work. The contract further provided that extra work should be done by the contractor and paid for by the Republic Company on the basis of actual cost to the contractor, plus 10% thereof; such extra work to be included in the monthly estimates made by the engineers.

4. On August 29, 1941, the McGeorge Contracting Company, sublet a part of the said contract with the Republic Company to the plaintiff W. A. Craig, the terms and conditions of the subcontract being substantially the same as that of the original agreement between the McGeorge Company and the Republic Company, except that the amount of compensation to the plaintiff W. A. Craig was 14.6 cents per cubic yard.

5. On September 7, 1942, the McGeorge Company and the Republic Company, by written agreement, modified the original contract, extending the time for completion of the work to May 31, 1943, and increased the estimated number of yards to be moved, and increased the compensation from 16¢ per cubic yard to nineteen and two tenths cents per cubic yard, with the agreement that the increased compensation was to include full compensation for any and all overhaul of material moved by the McGeorge Company prior to July 1, 1942, and after that date. This written agreement was approved in writing by the plaintiff W. A. Craig by endorsement thereon.

6. No monthly estimates of overhaul were made as provided by the contract, and the plaintiff kept no records of the cost of moving the overhaul as provided by the contract.

7. Work was commenced under the contract in September 1941, and continued to May 26, 1943.

After the contract was completed the engineers of the Republic Company prepared estimates of overhaul under the part of the contract sublet to the plaintiff, as a result of which it was determined that the average overhaul in lot Number 3 under the contract was ten feet, and in lot Number 4, 500 feet, he estimated that a fair compensation for this overhaul in lot 4, was 5¢ per cubic yard and that in lot 3, was 1/10th of 1¢ per cubic yard, on which figures he estimated that a fair compensation would be $36,838.04. These figures were prepared in the month of July 1943, and in August 1943 the officers of the Republic Corporation determined that as a matter of fairness the Republic Corporation would amend the agreement of September 7, 1942, and pay the said sum to the McGeorge Company, despite the provision that in the September 1942 agreement the price therein stated included full compensation for all overhaul.

8. In August 1943, the Republic Company delivered to McGeorge Company $36,838.04 which was immediately paid by McGeorge Company to the plaintiff, W. A. Craig.

9. Until the computation made by engineers of the Republic Company in July 1943, there was no method to determine what price would be paid for the overhaul and the contract between parties specifically provided that overhaul was not to be paid until the completion of the contract.

10. The plaintiff, W. A. Craig, computed his income tax returns on the accrual basis, and upon receiving the aforesaid payment of $36,838.04, in August 1943, he filed amended returns attempting to allocate the proceeds of said payment to his income for the years 1941 and 1942.

11. The defendant, Collector of Internal Revenue, determined that said payment should be allocated to the taxable year 1943, and thereupon collected from the tax payer the sum of $9,875.74 additional assessment for that year which is the amount which the plaintiff seeks to recover in this cause.

435

Thereupon the court announced the following:

### Conclusions of Law

1. That it has jurisdiction of the parties and subject matter of this action.

2. That the burden rested upon the plaintiffs to establish by preponderance of evidence that they had a fixed and determinable right to compensation for overhaul work in 1941 and 1942, and the plaintiffs have failed to sustain the burden of proof of such a right.

3. That the plaintiffs have failed to establish by a preponderance of the evidence a basis upon which the plaintiff W. A. Craig might have determined any amounts of income which were accruable in the years 1941 and 1942.

4. That the defendant is entitled to judgment in this cause.